**Alexandro Ruben VILLENA–ORDUNA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70843.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Vera A. Weisz, Esq., Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Shahira M. Tadross, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Alexandro Ruben Villena–Orduna, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for cancellation of removal, asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, we review the agency's factual findings for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and review due process claims de novo, *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Villena–Orduna's contention that the IJ violated his due process rights by denying him a full and fair hearing because he failed to raise it before the BIA. *See Barron v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that due process challenges that are "procedural in nature" must be exhausted).

We also lack jurisdiction to review the agency's discretionary determination that Villena–Orduna failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir. 2005).

Substantial evidence supports the agency's determination that Villena–Orduna failed to establish eligibility for asylum because the record does not compel the conclusion that he would be persecuted on account of a protected ground. *See Tecun–Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir.2000) (upholding agency decision where petitioner failed to establish a nexus between the harm and a protected ground). Villena Orduna's contention that he was denied due process because the BIA exhibited bias is not supported by the record.

In his opening brief, Villena–Orduna fails to address, and therefore has waived any challenge to, the BIA's determination that he is ineligible for withholding of removal and CAT protection. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**